IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEOPLE AGAINST POLICE VIOLENCE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 03-1649 |
| CITY OF PITTSBURGH, | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

CONTI, District Judge

In this memorandum order, the court considers the motion for attorney fees filed by plaintiffs People Against Police Violence, Thomas Merton Center, and the National Association for the Advancement of Colored People (all plaintiffs referred to collectively as "plaintiffs") against defendant City of Pittsburgh ("city" or "defendant"). After considering the motion, the briefs, and the exhibits submitted by the parties, the court will grant plaintiffs' motion and will award plaintiffs' attorney fees and costs aggregating $103,718.89.

*Procedural History*

On October 28, 2003, plaintiffs filed a complaint and a motion for a temporary restraining order and preliminary injunction against the city requesting that section 603 of the city code be found unconstitutional, that the city's assessment of security costs to plaintiffs for their November 1, 2003, rally be declared unconstitutional, and a finding that the city be permanently enjoined from enforcing section 603 of the city code and charging for police-security costs. On

October 31, 2003, the court held a hearing on the motion for a temporary restraining order and granted plaintiffs' motion for a temporary restraining order.

On November 25, 2003, the court held a hearing on plaintiffs' motion for a preliminary injunction. At the hearing, the court on the record ordered that the temporary restraining order entered on October 31, 2003, shall remain in effect as a preliminary injunction until January 22, 2004. The preliminary injunction order required, among other things, that 1) until a permanent injunction is issued, any person seeking to hold a public event in the city, on the city streets, or sidewalks, must obtain a permit from defendant using defendant's current permit application form, 2) an applicant for a permit shall pay to defendant a $21 administrative fee if the event involves closure of a sidewalk and/or a $68 administrative fee if the event involves a street closing, 3) permit applications must be filed at least seven days prior to the scheduled public event, 4) defendant has 72 hours to respond to permit requests and 5) until entry of a permanent injunction by the court, defendant shall not charge any fee for police protection for public events.

On January 7, 2004, the court held a status conference. The court set a briefing schedule on plaintiffs' motion for a preliminary injunction and permitted plaintiffs to take two depositions. On February 24, 2004, the city filed a motion to dismiss plaintiffs' complaint. On February 27, 2004, the court held a further hearing on plaintiffs' motion for a preliminary injunction. With the consent of the parties, the court continued the preliminary injunction as modified at that hearing.

On August 4, 2004, the city filed an emergency motion requesting an exception to the court's preliminary injunction for the special event permit to be issued for the Pittsburgh Regatta. The court granted that motion the following day. On July 14, 2005, the city again filed a motion for an exception to the court's preliminary injunction order. That motion requested that the court

make an exception to its preliminary injunction order for the Pittsburgh Vintage Grand Prix. The court granted that motion the following day. On January 17, 2006, the court entered an order lifting the preliminary injunction and which provided:

> [T]he City of Pittsburgh Council having passed Ordinance 16 of 2004 (City Code Chapter 471), as well as having finalized all attendant regulations and costs providing for permitting of special events, it is hereby ORDERED, ADJUDGED and DECREED that the Preliminary Injunction issued by this Court on February 27, 2004 is lifted except for the regulation noted herein.
>
> The City of Pittsburgh shall enforce all provisions of City Code Chapter 471 with one exception. The parties agree that Section VIII(a)(iii) of the regulations, requiring the purchase of insurance coverage for any special event "expected to attract more than Five Thousand (5000) participants…" shall not apply for any event attracting more than 5000 participants should the special event being permitted be one principally involving First Amendment issues and focused on the exercise of First Amendment rights. The parties further agree that this exception is not and shall not be interpreted to preclude an insurance requirement for "Traditional Parades" as defined in the regulations.
>
> During the next forty-five (45) days, the City of Pittsburgh agrees to meet with Plaintiffs and engage in a good faith discussion regarding this clause. However, if the Parties fail to reach agreement regarding this clause within forty-five (45) days the Court shall issue a briefing schedule and schedule needed hearings so as to issue a ruling settling this matter. Issuance of this Order shall not serve as grounds for or evidence of the City of Pittsburgh's waiver of any jurisdictional arguments available regarding enforcement of City Code Chapter 471 and accompanying regulations.

On February 24, 2006, at a status conference, the parties informed the court that they had reached agreement on all outstanding issues and that the case could be administratively closed. The parties agreed to proceed to mediation with a magistrate judge to address the issue of attorney fees. On March 17, 2006, plaintiffs filed their motion for attorney fees. On March 27,

2006, the city responded to that motion. On March 28, 2006, the parties held a mediation session with a magistrate judge. The mediation was not successful.

On April 18, 2006, the court held a status conference and permitted the parties to file supplemental briefs on plaintiffs' motion for attorney fees. On May 5, 2006, plaintiffs filed a reply to the city's response to its motion and on May 17, 2006, the city refiled its response.

### *Standard of Review*

In American courts, it is generally the case that parties are responsible for their own attorney's fees. John T. v. Delaware County, 318 F.3d 545, 555 (3d Cir. 2003); Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 163 (3d Cir. 2002). This is commonly referred to as the "American Rule" regarding attorney's fees. John T., 318 F.3d at 555. This rule means that courts follow a "general practice of not awarding fees to a prevailing party absent explicit statutory authority." Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994).

In this case, the applicable statutory authority relied upon by plaintiffs is found at 42 U.S.C. § 1988(b). "Congress has, however, authorized the award of attorney's fees to a prevailing party in the Civil Rights Attorney's Fees Award Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988(b), the statute upon which [plaintiffs] rel[y] in this case." Truesdell, 290 F.3d at 163(Alito, J.). That provision provides in relevant part:

> In any action or proceeding to enforce a provision of section ... 1983 ... of this title ..., the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

Id. (quoting 42 U.S.C. § 1988(b)). The United States Court of Appeals for the Third Circuit has held that, despite the permissive language of the statute, a prevailing plaintiff shall, absent special

circumstances, be awarded attorney's fees. Truesdell, 290 F.3d at 163; County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001).

*Discussion*

### I.     The preliminary injunction order issued in this case can support an award of attorney fees

Defendant asserts that plaintiffs are not prevailing parties within the meaning of 42 U.S.C. § 1988(b) because the city was not enforcing section 603 of the city code at the time of the lawsuit and because the city planned to change voluntarily that provision even absent the existence of a lawsuit. Plaintiffs argue that they are prevailing parties because they believe that Truesdell stands for the proposition that a plaintiff is a prevailing party when the plaintiff litigates a case in which a stipulated-to preliminary injunction order containing mandatory language is signed by a judge and is enforceable.

The United States Court of Appeals for the Third Circuit in Truesdell considered issues of attorney's fees pursuant to 42 U.S.C. § 1988(b) and the determination of prevailing party status under that provision. Plaintiff James Truesdell ("Truesdell") was a participant in the federal Section 8 housing program administered by the Philadelphia Housing Authority ("housing authority"). Id. at 161. Truesdell brought suit against the housing authority for violations of 42 U.S.C. § 1983 in relation to a dispute about the amount of rent Truesdell owed the housing authority. Id. at 161-62. On December 2, 1999, Truesdell commenced the action in the Eastern District of Pennsylvania. Id. at 162. Truesdell raised two claims. First, that the housing authority had unlawfully failed to lower his rent and second, that the housing authority refused to give him a Section 8 housing voucher. Id. On January 24, 2000, a preliminary

5

injunction hearing was held.  Id.  At the hearing, the parties reached a settlement.  Id.  The district court entered an order that same day.  That order provided, among other things:

> PHA was required (1) to provide rental assistance to Truesdell for placement in a "Single Room Occupancy" Dwelling; (2) to recommend Truesdell's application for admission to another PHA project with a unit that included food preparation and sanitary facilities; (3) to place Truesdell on the waiting list for receipt of tenant-based rental assistance, if and when the waiting list is reopened; and (4) to make appropriate retroactive adjustments in the housing assistance payment for the period from February 1, 1999, through September 1, 1999.

Id.  At the hearing, Truesdell expressly reserved the right to file an attorney's fee petition later.  Id.

Truesdell was then referred to an apartment complex by the housing authority.  Id.  By mid-March of 1999, the apartment complex had approved Truesdell's application and requested that the housing authority approve Truesdell's move.  Id.  The housing authority did not act on the request for three months.  Id.  On June 12, 2000, Truesdell filed a motion for sanctions and a motion for enforcement of the court's January 24, 2000 order.  Id.  Four days after the filing of the motion, the housing authority approved Truesdell's move.  Id.  The housing authority also presented evidence that it had complied with the other elements of the district court's January 24, 2000 order.  Id. at 163.  As a result, the district court denied Truesdell's motion for enforcement as moot.  Id.  On August 14, 2000, Truesdell filed two motions for attorney's fees pursuant to 42 U.S.C. § 1988.  Id.  The district court denied Truesdell's motions and denied a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the court's order denying the motions.  Id.  Truesdell appealed the court's decision.  Id.

The United States Court of Appeals for the Third Circuit first considered whether the court's order with respect to the parties' settlement could support an award of attorney's fees. Id. at 165. The court of appeals answered that question in the affirmative. Id. ("We do not agree with the District Court's conclusion that the parties' *settlement* was an inappropriate basis for an award of attorney's fees. As previously noted, under Buckhannon, attorney's fees may be awarded based on a settlement when it is enforced through a consent decree.")(emphasis in original). The court of appeals noted that there were four characteristics of the order that supported the position that the court's order "[was] a proper vehicle for rendering one side a 'prevailing party' under § 1988." Id. The four characteristics were: (1) the mandatory language of the order; (2) the fact that the document is entitled "Order," (3) the order was signed by the district court judge, not the parties' counsel, and (4) the order gave Truesdell the right to request judicial enforcement of the settlement. Id.

The court of appeals next considered whether Truesdell was a prevailing party. The court concluded that Truesdell was a prevailing party because the district court's order materially altered the legal relationship between the parties. Id. (citing Texas Teachers Ass'n, v. Garland Independent Sch. Dist., 489 U.S. 780, 792-93 (1989). "Under the 'generous formulation' of 'prevailing party' status in the previously noted authorities, it would be difficult to conclude that Truesdell has not achieved a change in his legal relationship with PHA under the terms of the January 24th Order." Id. Finally, the court held that the degree of the success of a plaintiff goes to the reasonableness of the award, not to whether an award of attorney's fees is appropriate. Id. at 166.

The court finds that the preliminary injunction issued in this case is an order that can support an award of attorney's fees under 42 U.S.C. § 1988(b). During the hearing held October 31, 2003, the order, as announced by the court on the record, contained mandatory language. See Doc. No. 9. The order stated:

> Any person seeking to hold a public event in the City of Pittsburgh on city streets or sidewalks must obtain a permit from defendant using defendant's current permit application form. An applicant for a permit shall pay to defendant a $21 administrative fee if the event involves closure of a sidewalk and/or a $68 administrative fee if the event involves a street closing. Permit applications must be filed at least seven (7) days prior to a scheduled public event. Defendant has 72 hours to respond to permit requests. Furthermore, until entry of a permanent injunction by this court, defendant shall not charge any fee for police protection for public events.

Id. At a hearing on November 25, 2003, that order was continued as a preliminary injunction. On February 27, 2004, the court entered a written order with the consent of the parties. Doc. No. 24. The February 27, 2004 order contains mandatory language, is entitled "Preliminary Injunction Order," and was signed by this court. The court notes that, in Truesdell, the original injunction order was the result of a settlement. In this case, the original temporary restraining order was contested by the city and the court found in favor of the plaintiffs. At the time of the issuance of the February 27, 2004 preliminary injunction order, the parties consented to the order. The consent of the parties, however, does not mean that the order cannot support an award of attorney's fees. See Truesdell, 290 F.3d at 165.

## II.     Plaintiffs are prevailing parties

Defendant argues that the plaintiffs are not prevailing parties within the meaning of 42 U.S.C. § 1988(b) because it was not enforcing the section 603 of the city code prior to the issuance of the complaint in this action.

The United States Supreme Court has held that parties are considered prevailing parties if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)(quoting Nadeau v. Helgemore, 581 F.2d 275, 278-70 (1st Cir. 1978). In Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a party is a prevailing party if "plaintiffs achieved relief and whether there is a causal connection between the litigation and the relief from the defendant."

In J.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002),[1] the United States Court of Appeals for the Third Circuit stated, "[a] party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award." Plaintiff need only achieve some of the benefit sought in a lawsuit. Wheeler, 950 F.2d at 131. The court of appeals stated that, at a minimum, a prevailing party must be able "to point to a resolution which changes the relationship between itself and the defendants." Texas Teachers Ass'n, 489 U.S. at 792. In Texas Teachers Ass'n, the U.S. Supreme Court found that the only exception to this minimum requirement is where the party's success is "purely technical or *de minimus.*" Id.

In this case, the court finds that plaintiffs are prevailing parties. On October 31, 2003, the court determined at hearing on a motion for a temporary restraining order that section 603 of the Pittsburgh City Code was facially unconstitutional under the First Amendment to the United

---

[1] J.O. was decided in the context of the award of attorney's fees under the Individuals with Disabilities Act, 20 U.S.C. § 1400 *et seq*. The court cites to J.O. because the United States Supreme Court has consistently interpreted fee-shifting provisions. Buckhannon Bd. and Care Home, Inc. v. W.Va. Dep't of Health and Human Resources, 532 U.S. 598, 603 (2001) (citing Hensley, 461 U.S. at 433n.7)("The standards used to interpret the term 'prevailing party' are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'.").

States Constitution, as applied to the state through the Due Process Clause of the United States Constitution.  See Doc. No. 9.  On November 25, 2003, the court continued the injunction as a preliminary injunction and entered an order requiring, among other things, that defendant respond to all permit requests within 72 hours and that, until entry of a permanent injunction by this court, defendant not charge any fee for police protection for public events.  See Doc. No. 10. On February 27, 2004, the court modified the order and entered a written preliminary injunction order.  See Doc. No. 24.

After the issuance of the preliminary injunction order, the court notes that defendant felt compelled to twice file motions requesting exceptions to the preliminary injunction.  See Doc. Nos. 25 & 32.  The court's order, therefore, did change the legal relationship with the parties.

Any settlement or agreement by the parties that resulted in changes to the city's code, however, does not alter the facts that 1) plaintiffs filed a lawsuit alleging that section 603 of Pittsburgh City Code violates the United States Constitution and 2) the court entered a preliminary injunction in their favor.

### III.   The calculation of fees.

Defendant, without citation to precedent, raised ten objections to the fees requested by plaintiffs' attorneys.  The court will address each argument in turn.  First, defendant challenged the charges made by attorney Wiltold Walczak ("Walczak") relating to media interviews on February 2, 2004 and February 26, 2004.  A close review of Walczak's bill indicates that he did not bill for or seek fees for those activities.

Second, defendant objected to Walczak's charges for his presence at City Council hearings and correspondence with city officials or members of City Council.  The court agrees

with defendant and finds that those activities are not directly litigation related and the court will not award fees for Walczak's attendance at those meetings.

Third, defendant objects to the charges for three attorneys at hearings or conferences. Plaintiffs respond that counsel sought bills for three attorneys at only two hearings – the October 31, 2003 preliminary injunction hearing – and the February 27, 2004 preliminary injunction hearing. Attorney Douglas McKechnie ("McKechnie") billed only for 30 minutes of time for the October 31, 2003 hearing and for two and one-half hours of time for the October 4, 2004 hearing. The court finds that the charging of time for three attorneys at one hearing is not necessary and will not award fees for McKechnie for that time. The court, also finds that there was some duplication of services resulting from Michael Healey ("Healey") and Walczak both reviewing motions and preparing for hearings and will exercise the court's discretion to reduce Walczak's fees by $10,000.

Fourth, the city argues that the plaintiffs should not be awarded fees for a hearing regarding the need for a preliminary injunction because the city acknowledged that it was not enforcing Pittsburgh City Code section 603 prior to the hearing. The court finds this argument to be without merit. The court found for plaintiffs at the hearing, and an argument that the hearing was frivolous is unavailing.

Fifth, the city objects to the billing rates for Walczak, McKechnie, and Healey. In response, plaintiffs offered affidavits from several distinguished attorneys, including former United States District Judge Robert Cindrich, that Walczak's and Healey's fee rates were "eminently reasonable." Exhibit A to plaintiff's reply brief. An affidavit also supported McKechnie's billing rate. The court notes that defendant filed no affidavits and offered no

evidence to dispute plaintiffs' claims. The court, therefore, credits those affidavits and finds the fee rates for Walczak, McKechnie and Healey to be reasonable.

Sixth, defendant objects to the billing by Walczak for "reading cases" from December 24, 2003 through January 4, 2004 and on October 25, 2003. Plaintiffs respond that Walczak reviewed the materials in December of 2003 through January of 2004 in order to prepare briefing on the issues in this case. Plaintiffs assert that Walczak's re-reading of the cases was "reasonable." The court will award attorney's fees for Walczak's review of cases in December of 2003 through January of 2004. It will not award fees for the re-reading of cases in October of 2003. The time billed in December of 2003 and January of 2004 related to the filing of a thirty-seven page brief by plaintiffs with this court relating to issues in this case.

Seventh, defendant challenges the rate of $150 an hour for McKechnie for attending status conferences. As noted above, the court credits the affidavits filed by plaintiffs with regard to each attorney's hourly rate.

Eighth, the city objects to the time billed for review and re-writing of plaintiffs' briefs. The court finds that review and re-writing of briefs and submissions to the court are not unusual and the time billed in this case for those activities is not excessive.

Ninth, defendant objects to the billing of paralegal work. The court finds that the rate for the paralegal work charged, fifty dollars an hour, is not excessive, and that the only paralegal work charged for was reviewing deposition transcripts which is appropriate paralegal work.

Finally, the city objects to the billing of multiple tasks without an indication of time allotment in each attorney's bills. The court has reviewed each of the attorney's bills and finds,

12

contrary to defendant's assertion, that it is possible to determine the reasonableness of the fees from the description of tasks and allotment of time for those tasks.

### *Conclusion*

After reviewing the record and the brief and exhibits of the parties, the court determines that plaintiffs' motion for attorney's fees is **GRANTED**.  The court awards plaintiffs $103,718.89 in attorneys' fees and costs, which consists of fees for Healey and McKechnie equal to $29,818.75 plus $402.39 in costs and fees for Walczak equal to $73,247.75 plus $250.00 in costs.

### *Order*

**AND NOW**, this 13th day of September 2006, upon consideration of the parties' arguments and supporting documents,

**IT IS ORDERED** that plaintiffs' motion for attorney fees (Doc. No. 47) is **GRANTED** and plaintiffs are awarded $103,718.89 in attorneys' fees and costs.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:     Counsel of record